PER CURIAM.
| jWrit granted in part. Defendant is presently serving a sentence of life imprisonment without possibility of parole for a second degree murder committed in 2008 when he was 17 years old. The sentence was mandated by the penalty provision of the statute establishing the offense. The court of appeal affirmed defendant’s conviction and sentence in State v. Williams, 47,146 (La.App. 2 Cir. 6/20/12); 93 So.3d 830, and defendant applied to this Court for discretionary review. While defendant’s application was pending, the United States Supreme Court held in Miller v. Alabama, 567 U.S. —, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), that “the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juveniles offenders.” However, the Miller court did not establish a categorical prohibition against life without parole for juveniles. Instead, the court required that a sentencing court consider an offender’s youth and attendant characteristics as mitigating circumstances before deciding whether to impose the harshest possible penalty for juveniles: “Although we do not foreclose a sentencer’s ability to make that judgment in homicide cases, |2we require it to take into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison.” Miller, 567 U.S. at —, 132 S.Ct. at 2469. Defendant’s case was pending on direct review when Miller was decided. Therefore, we grant to remand to the district court to reconsider the sentence after conducting a new sentencing hearing in accordance with the principles enunciated in Miller v. Alabama. The applications are otherwise denied.